O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1660 PSG | Date | September 24, 2009 |
|---|---|---|---|
| Title | Galileo Financial v. Miin Sun Park, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):              Attorneys Present for Defendant(s):

            Not Present                                                   Not Present

**Proceedings:**     **(In Chambers) Remand Order**

On September 2, 2009, Defendant filed a notice of removal of the instant unlawful detainer action.  Essentially, Defendant seeks to remove this case on the ground that it is related to another case Defendant properly filed in this Court on the basis of federal question jurisdiction.  *See Sun Sook Yoo v. Fremont Investment and Loan*, CV 09-2976 PSG (RCx).

The Court has reviewed Defendant's notice of removal and the underlying complaint and finds that it lacks subject matter jurisdiction in this case.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).  The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.

Although not raised by Defendant, the Court notes that there is also no diversity jurisdiction in this matter.  For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a).  Here, Defendant's removal fails to establish complete diversity between the parties.  Also, from the face of Plaintiff's complaint, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs.  Thus, diversity jurisdiction is lacking.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1660 PSG | Date | September 24, 2009 |
|---|---|---|---|
| Title | Galileo Financial v. Miin Sun Park, *et al.* | | |

      In order to consolidate two cases, the Court must have subject matter jurisdiction over both cases. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Defendant cannot, as she attempts to do here, circumvent the rules regarding subject matter jurisdiction. The law does not allow it. *See Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.").

      For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and, therefore, REMANDS the case.

      **IT IS SO ORDERED.**